DOUGLAS L. MUSHLITZ, ISB No. 3452
JONATHAN D. HALLY, ISB No. 4979
BLEWETT MUSHLITZ HALLY, LLP
710 16th Avenue
P. O. Box 1990
Lewiston, Idaho 83501
Telephone: (208) 413-6678
Facsimile: (208) 413-6682
dougmushlitz@idahoconstructionlawyers.com
jonhally@idahoconstructionlawyers.com

Attorneys for Defendant Lewiston Golf & Country Club, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* THE TARBELL GROUP, LLC, | Case No. 3:25-cv-00145-DCN |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF LEWISTON GOLF & COUNTRY CLUB, INC.'S MOTION TO DISMISS** |
| v. | |
| APPALOOSA HORSE CLUB, et al, | |
| Defendants. | |

COMES NOW, Lewiston Golf & Country Club, Inc. ("LGCC"), by and through its counsel, Blewett Mushlitz Hally, LLP, and hereby submits the following Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

Relator filed a qui tam action under the False Claims Act, 31 U.S.C. §§ 3729-3733, against twenty-one (21) tax-exempt Defendants, including LGCC, wherein Relator claims that the Defendants applied for PPP loans when the Defendants were not yet eligible to do so. (Complaint, Dkt. 1). The Complaint asserts three separate theories under the FCA including (1) presentment of a false claim under 31 U.S.C. § 3729(a)(1)(A) (Complaint, Dkt.1, ¶40); (2) the use of a false record

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS                    1

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

or statement material to a false claim under 31 U.S.C. § 3729(a)(1)(B) (Complaint, Dkt.1, ¶41); and, (3) reverse false claims under 31 U.S.C. § 3729(a)(1)(G) (Complaint, Dkt.1, ¶42).

Relator's qui tam action under the False Claims Act should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) as allegations within the Complaint are insufficient under the *Twombly/Iqbal* pleading standard and because the allegations fail to satisfy the heightened pleading standard of Rule 9(b).  In addition, the reverse false claim theory under 31 U.S.C. 3729(a)(1)(G) is fatally deficient as it is based upon the same conduct as the claims of fraud relating to the defendants' receipt of funds from the PPP loans.

## LEGAL STANDARD

A claim under the False Claims Act claim requires: "(1) a false statement or fraudulent course of conduct, (2) made with the scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due."  *United States ex rel. Campie v. Gilead Scis., Inc*, 862 F.3d 890, 899 (9th Cir. 2017); *United States Ex Rel. Rose v. Stephens Institute*, 909 F.3d 1012, 1017 (9th Cir. 2018).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States ex rel. Swoben v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1179-1180 (9th Cir. 2016).  A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

2

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

enhancement" will not suffice. *Iqbal*, 556 U.S. at 678. Under Rule 12(b)(6), the Court typically must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task" requiring the "court to draw on its judicial experience and common sense. *Id*.

"Claims under the False Claims Act are also subject to Rule 9(b)." *Swoben*, 848 F.3d at 1180. Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud..." Fed. R. Civ. P. 9(b). "This means the plaintiff must allege 'the who, what, when, where, and how of the alleged misconduct charged'." *Swoben*, 848 F.3d at 1180, quoting, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). This includes "what is false or misleading about a statement, and why it is false." *Swoben*, 848 F.3d at 1180; *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010). "[M]ere conclusory allegations of fraud are insufficient" as are "[b]road allegations that include no particularized supporting detail..." *Swoben*, 848 F.3d at 1180.

## ARGUMENT

**A.    The Complaint Fails to Comply with the Heightened Specificity Requirements of Rule 9(b).**

The Complaint fails to include the particularity as to the circumstances constituting fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. As set forth above, the Relator must plead with specificity including allegations covering "the who, what, when, where, and how of the alleged misconduct charged." *Swoben*, 848 F.3d at 1180. This includes "what is false or misleading about a statement, and why it is false." *Id.* See also, *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993,

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

3

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

998 (9th Cir. 2010).

A review of the Complaint (Dkt. 1) evidences its deficiencies under Rule 9(b). Instead of pleading with particularity, the Relator merely attached a chart listing the named Defendants along with the dates each non-profit entity was eligible for a PPP loan and the date each Defendant's loan was approved. The Complaint then asserts general allegations attributed to all Defendants, stating:

39. Each 501(c)(2), 501(c)(5), 501(c)(6), 501(c)(7), and 501(c)(10) defendant was ineligible to receive its PPP Loan(s) at the time it applied and received approval for the same.

40. Each defendant did knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

41. Each defendant did knowingly make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

42. Each defendant did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government by falsely certifying that, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same.

(Complaint, Dkt. 1).

Absent from the Complaint are allegations that identify the person(s) and corresponding date said person(s) presented or caused to be presented a false or fraudulent claim (Complaint, Dkt. 1, ¶40); made, used or caused to be made or used, a false record or statement material to a false or fraudulent claim (Complaint, Dkt. 1, ¶41); or who made, used or caused to be made or used a false

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

4

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501

record or statement material to, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay the government (Complaint, Dkt. ¶42). Relator not only fails to identify the person who performed the acts to create FCA liability, but pleads in the alternative as to whether LGCC or a person acting on behalf of LGCC made the false certification. The lack of specificity or particularity as to the identity of the person performing the fraudulent acts giving rise to FCA liability is critical to establishing the requisite scienter.

Moreover, absent from the Complaint is any specificity as to the document and content of any document that constitutes the alleged false claim for payment or approval of the loans (Complaint, Dkt. 1, ¶40); false record or material statement or fraudulent claim (Complaint, Dkt. 1, ¶41); or false record or material statement to conceal or avoid or decrease an obligation to pay the government (Complaint, Dkt. 1, ¶42).

In short, Relator failed to include allegations as to the who, what, when, where and how of the alleged fraud as is required by Rule 9(b). Instead, Relator's Complaint utilizes formulaic recitations of the elements of a cause of action under the FCA which consisted of conclusory allegations of fraud devoid of any factual specificity which is insufficient to assert a claim for which relief can be granted. *Iqbal*, 556 U.S. at 678.

**B.      The Reverse Claim Theory of Liability under the FCA is Fatally Flawed and Does not Assert a Claim for Which Relief may be Granted.**

A reverse false claim may be brought under the FCA pursuant to 31 U.S.C. 3729(a)(1)(G), which prohibits the knowing use of a false record or statement material to an obligation to pay or transmit money to the Government. In other words, "reverse" FCA liability stems from a fraud perpetuated to avoid a debt to the government, rather than to obtain payment from the government.

*Cafasso, U.S. ex rel. Gen Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1056 (9th Cir. 2011). A reverse false claim must be based upon an obligation to pay that is independent from the fraudulent conduct used to secure or obtain funds from the government. *See, Hawaii ex rel. Torricer v. Liberty Dialysis-Hawaii LLC*, 512 F.Supp.3d 1096, 1119–20 (D. Hawaii, 2021); *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 119–20 (2nd Cir. 2021).

The reverse false claim theory asserted in the Complaint (Complaint, Dkt. 1, ¶42), however, is based upon the same alleged conduct giving rise to the false presentment (Complaint, Dkt. 1, ¶40) and false-statement (Complaint, Dkt. 1, ¶41) theories. More specifically, each theory of liability is based upon the same conduct of every Defendant, including LGCC, falsely certifying that it was eligible for a PPP loan and forgiveness thereof and thereby receiving the same. Given that there is no separate and independent conduct giving rise to the reverse false claim theory, it fails as a matter of law. *Torricer v.* 512 F.Supp.3d at 1119–20; *Foreman*, 19 F.4th at 119–20.

The Court in *Torricer*, reviewed decisions from other courts in its analysis as to the viability of a reverse false claim and ultimately concluded that such a claim could not rely upon the underlying fraudulent claims. The Court stated:

> Furthermore, the court agrees with the substantial authority holding that an actionable reverse false claim cannot be based on a defendant's failure to refund the same payment that was obtained by an actionable false claim. Such a claim under § 3729(a)(1)(G) would be redundant of the original claim. See, e.g., *United States v. Kinetic Concepts, Inc.*, 2017 WL 2713730, at *13 (C.D. Cal. Mar. 6, 2017) ("In cases where a plaintiff alleges a reverse false claim by claiming that the defendant fraudulently overcharged the government, court have consistently dismissed the claim as redundant of false statement and presentment claims.") (citation omitted); *United States ex rel. Behnke v. CVS Caremark Corp.*, 2020 WL 1953626, at *10 (E.D. Pa. Apr. 23, 2020) ("[I]n order to plausibly allege a violation of § 3729(a)(1)(G), a plaintiff cannot merely recast his false statement claim by essentially alleging that the defendant failed to refund the false claims that the government paid."); *United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctr.*, 2018

WL 4539684, at *6 (D. Mass. Sept. 21, 2018) ("Nor can reverse-FCA liability be premised solely on the same conduct that gives rise to traditional presentment or false-statement claims.") (citations omitted); *Laogai Research Found.*, 71 F. Supp. 3d at 97 (rejecting argument that concealment of fraudulent activity resulted in reverse false claim liability because "by this logic, just about any traditional false statement or presentment action would give rise to a reverse false claim action; after all, presumably any false statement action under sections 3729(a)(1)(A) or 3729(a)(1)(B) could theoretically trigger an obligation to repay the fraudulently obtained money") (citation omitted). Although it is possible for a complaint to allege both false statement claims and reverse claims, recovery under a reverse claims theory must be based on "an obligation that arose independent of the affirmative false claims themselves." *United States ex rel. Schaengold v. Mem'l Health, Inc.*, 2014 WL 6908856, at *21 (S.D. Ga. Dec. 8, 2014)).

*Hawaii ex rel. Torricer v. Liberty Dialysis-Hawaii LLC*, 512 F.Supp.3d 1096, 1119–20 (D.Hawaii 2021).

The Second Circuit Court addressed the same issue in *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 119–20 (2nd Cir. 2021) wherein the Court reached the same conclusion and dismissed reverse false claims that mirrored the false claims under § 3729(a)(1)(A) and 3729(a)(1)(B). *Id.* The Court stated:

Although we have yet to address this issue, several district courts, some of them within this Circuit, have concluded that a reverse false claim cannot turn on the same conduct underlying a traditional false claim. See, e.g., *United States ex rel. Gelbman v. City of New York*, No. 14 Civ. 771 (VSB), 2018 WL 4761575, at *8 (S.D.N.Y. Sept. 30, 2018) ("Relator's reverse false claim allegations – which essentially boil down to various providers allegedly receiving payment on false claims and thus retaining Government funds to which they were not entitled – are not an adequate basis on which to allege a reverse false claim."), aff'd, 790 F. App'x 244 (2d Cir. 2019) (summary order); *United States v. Mount Sinai Hosp.*, 256 F. Supp. 3d 443, 458 (S.D.N.Y. 2017) ("The same allegations [that] state a claim under sections 3729(a)(1) and (2) [now §§ 3729(a)(1)(A) and (B)] ... cannot also form the basis for a claim under subsection (a)(7) [now § 3729(a)(1)(G)]."; *United States ex rel. Taylor v. Gabelli*, 345 F. Supp. 2d 313, 339 (S.D.N.Y. 2004) ("Because Taylor's allegations state a claim under sections 3729(a)(1) and (2), they cannot also form the basis for a claim under subsection (a)(7).").

Concluding otherwise would mean that "any time a defendant violated sub-sections

(a)(1)(A) or (B) and received payment, the defendant would also necessarily violate sub-section (G) if it failed to repay to the Government the fraudulently-obtained payments." *Mount Sinai Hosp.*, 256 F. Supp. 3d at 458 (quotation marks omitted); see also *Pencheng Si v. Laogai Rsch. Found.*, 71 F. Supp. 3d 73, 97 (D.D.C. 2014) ("Relator attempts to argue that an obligation arose out of Defendants' concealment of their allegedly fraudulent activity. ... But by this logic, just about any traditional false statement or presentment action would give rise to a reverse false claim action; after all, presumably any false statement actionable under § 3729(a)(1)(A) or 3729(a)(1)(B) could theoretically trigger an obligation to repay the fraudulently obtained money." (emphasis in original) (internal citation omitted)); *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 514 (E.D. Pa. 2010) ("Congress' purpose in enacting subsection (a)(7) was to ensure that one who makes a false statement in order to avoid paying money owed the government 'would be equally liable under the Act as if he had submitted a false claim to receive money.' Its purpose was not to provide a redundant basis to state a false statement claim under subsection (a)(2)." (internal citation omitted)). Accordingly, "[t]his type of redundant false claim is not actionable under subsection (a)(1)(G)." *United States ex rel. Davern v. Hoovestol, Inc.*, No. 11-CV-6630 (CJS), 2015 WL 6872427, at *9 (W.D.N.Y. Nov. 9, 2015).

*United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 119–20 (2nd Cir. 2021).

Accordingly, since the Complaint fails to assert a basis for its reverse false claim that is independent of the underlying fraud claims, the Complaint fails to assert a cause of action under 31 U.S.C. §3729(a)(1)G) for which relief can be granted.

## CONCLUSION

Given the lack of specificity required by Rule 9(b) and the failure to identify a basis for the reverse false claims that is independent from the underlying fraud claims of presentment and false statements attributed to the defendants obtaining funds from the government, the Relator has failed to assert claims under the FCA for which relief can be granted. Accordingly, Defendant Lewiston Golf & Country Club, Inc. respectfully requests this Court to grant its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED this 30th day of April, 2026.

BLEWETT MUSHLITZ HALLY, LLP

By:   /s/ Jonathan D. Hally
Jonathan D. Hally, a member of the firm
Attorney for Lewiston Golf & Country Club, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of April, 2026, I caused to be served a true and correct copy of the foregoing document, by the following:

| | | |
|---|---|---|
| Bruce Ellis Fein, Esq.<br>   *Pro hac vice application pending*<br>Law Office of Bruce Ellis Fein, PLLC<br>*Attorney for Relator* | ☒ | Electronic Service (CM/ECF)<br>bruce@newdream.net |
| T. Jason Wood<br>Wood Law Group, PC<br>*Attorney for Relator* | ☒ | Electronic Service (CM/ECF)<br>jason@woodlaw.net |
| Kelly Drew Rooksby<br>Jacquelyn Pill<br>Gordon Rees Scully Mansukhani, LLP<br>*Attorneys for Idaho Brewers United Corp.* | ☒ | Electronic Service (CM/ECF)<br>krooksby@grsm.com<br>jpill@grsm.com |
| United States Attorney's Office<br>District of Idaho<br>1290 West Myrtle St.; Ste 500<br>Boise, ID 83702 | ☒ | U.S. Mail |

By:   /s/ Jonathan D. Hally
Jonathan D. Hally, a member of the firm
Attorney for Lewiston Golf & Country Club, Inc.

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

9

Blewett Mushlitz Hally, LLP
Attorneys
Lewiston, Idaho 83501