WENDY J. OLSON, Bar No. 7634
wendy.olson@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

*Attorneys for Mountain Home Chamber of Commerce*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA ex rel., THE TARBELL GROUP, LLC,

Plaintiff,

v.

APPALOOSA HORSE CLUB, BLACKFOOT CHAMBER OF COMMERCE INC., BONNER COUNTY ASSOCIATION OF REALTORS INC., CALDWELL ELKS HOME ASSOCIATION, CAPITAL CITY PUBLIC MARKET 1 INC., COEUR D'ALENE CHAMBER OF COMMERCE, GRANGEVILLE CHAMBER OF COMMERCE, GRANGEVILLE COUNTRY CLUB INC., GREATER HAYDEN/HAYDEN LAKE COMMERCE INC., GREATER SANDPOINT CHAMBER OF COMMERCE INC., IDAHO BREWERS UNITED, IDAHO FALLS DOWNTOWN DEVELOPMENT CORPORATION, IDAHO HOSPITAL ASSOCIATION, JOBS PLUS INC., LEWISTON GOLF AND COUNTRY CLUB INC., Mountain Home Chamber of Commerce, PONDEROSA AERO CLUB INC., RATHDRUM AREA CHAMBER OF COMMERCE INC., SHRINERS INTERNATIONAL, SILVER VALLEY ECONOMIC DEVELOPMENTAL CORPORATION, and UNKNOWN JOHN or JANE DOES,

Case No. 3:25-cv-00145-DCN

**MEMORANDUM IN SUPPORT OF DEFENDANT MOUNTAIN HOME CHAMBER OF COMMERCE'S MOTION TO DISMISS**

Defendants.

Defendant Mountain Home Chamber of Commerce ("the Chamber") submits this memorandum in support of its motion to dismiss Plaintiff's Complaint. Dkt 1.

## I. INTRODUCTION

The Mountain Home Chamber of Commerce is a 501(c)(6) nonprofit membership organization that works with partners throughout the state and with its members to encourage economic vitality and growth for Mountain Home, Idaho, home to the Mountain Home Air Force Base. The Chamber supports business by creating opportunities for education, growth, and development and quality of life initiatives. Among other programs, the Chamber operates the Desert Mountain Visitor's Center. The lack of tourism during the Covid-pandemic had a catastrophic impact on the Visitor's Center. Moreover, the Chamber is comprised primarily of locally owned, rural small businesses that were hardest hit in 2020 and 2021, during the height of the pandemic. The Chamber operates through three paid employees and a team of loyal volunteers, keeping its operating costs as low as possible. The Chamber supported small businesses revitalizing after the pandemic by hosting Small Business Administration ("SBA") trainings and SBA Idaho Women's Business Center conferences, and it continues doing so today.

The Chamber is now one of twenty-one Idaho nonprofits named in a *qui tam* complaint (Dkt. 1) brought by Tarbell Group, LLC ("Tarbell"), a Virginia entity that appears to have been formed solely for the purpose of mining federal databases for nonprofits that obtained Paycheck Protection Program ("PPP") loans that were then forgiven. Under the *qui tam* provision of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, Tarbell sues nonprofits it believes obtained PPP loans before they were eligible, hoping that the United States will investigate, intervene, and obtain recovery, a portion of which, along with attorney fees, will accrue to Tarbell and its counsel.

But Tarbell's complaint is scattershot and wholly deficient, ignoring the clear standards for federal pleading, particularly on claims of fraud. Unsurprisingly, the United States declined to intervene. *See* Dkt. 8.[1] Because the Complaint is deficient as to Mountain Home Chamber of Commerce, this Court should dismiss it.

## II. BACKGROUND

Tarbell, a Virginia company, filed its *qui tam* complaint under seal on March 14, 2025. Dkt. 1. It named twenty-one Idaho nonprofits as defendants, alleging that each improperly obtained PPP loans by applying before they were eligible. *Id.* The Mountain Home Chamber of Commerce is identified by name only in the caption, paragraphs 18 and 44(i), and the attachment. *Id.* The United States declined to intervene, and the Court unsealed the Complaint on February 23, 2026. Dkt. 8. Original local counsel withdrew on April 6, 2026 (dkts. 10-11), and this Court stayed the case until Tarbell could find new local counsel. Dkt. 11. New local counsel appeared on April 28, 2026. Dkt. 16. Tarbell has voluntarily dismissed its Complaint against three defendants (dkts. 17, 22), one of which had filed a motion to dismiss (dkt. 12), and nine others have filed motions to dismiss under Rule 12(b)(6). Dkts. 24, 25, 38, 40, 50, 56. The Mountain Home Chamber of Commerce now joins those other nonprofit defendants seeking dismissal based on the clear deficiencies in the Complaint and because Tarbell's claims as to all defendants fail under the public disclosure bar.

---

[1] The Court's Order unsealing the Complaint directed Tarbell to serve the defendants within 45 days and also to provide defendants with the United States' Notice of Election to Decline Intervention after it served the Complaint. Dkt. 8. Tarbell did not provide the Mountain Home Chamber of Commerce with a copy of the Notice of Election to Decline Intervention prior to counsel entering her Notice of Appearance.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (alterations in original, citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *United States ex rel. Swoben v. United Healthcare Ins. Co.,* 848 F.3d 1161, 1179-80 (9th Cir. 2016).

A claim under the FCA requires: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out or forfeit moneys due." *United States ex. rel. Campie v. Gilead Scis., Inc.,* 862 F.3d 890, 899 (9th Cir. 2017); *United States ex rel. Rose v. Stephens Institute*, 909 F.3d 1012, 1017 (9th Cir. 2018). Claims under the FCA are also subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Swoben*, 848 F.3d at 1180; *Ebeid ex rel. United States v. Lungwitz,* 616 F.3d 993, 998 (9th Cir. 2010). Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud . . ." Fed. R. Civ. P. 9(b). "This means the plaintiff must allege the 'who, what, when, where, and how of the alleged misconduct charged'." *Swoben*, 848 F.3d at 1180 (citation omitted). This includes "what is false or misleading about a statement, and why it is false." *Id.*; *Ebeid*, 616 F.3d at 998. "[M]ere conclusory allegations of fraud are insufficient" as are "[b]road allegations that include no particularized supporting detail." *Swoben,* 848 F.3d at 1180.

## IV. ARGUMENT

The Mountain Home Chamber of Commerce moves to dismiss Tarbell's complaint on four grounds: (1) the Complaint fails to comply with Rule 9(b)'s heightened specificity requirements[2]; (2) the Complaint's so-called reverse false claims theory is entirely duplicative of its other false claims theories of liability; (3) the Complaint's Second Cause of Action alleges no conduct different from that alleged in the First Cause of Action and so independently does not state a claim; and (4) the FCA's public-disclosure bar requires dismissal because Tarbell's allegations are based entirely on publicly available information and Tarbell does not qualify as an "original source." Moreover, for these final three reasons, the defects are incurable, amendment would be futile, and the Complaint should be dismissed with prejudice. *Election Integrity Project Cal., Inc. v. Weber,* 113 F.4th 1072, 1099 (9th Cir. 2024).

Other nonprofit defendants already have moved to dismiss for these same reasons. Dkts. 24 (Lewiston Golf & Country Club moving to dismiss on Rule 9(b) and duplicative reverse false claim theory of liability), 25 (Appaloosa Horse Club, joining in Lewiston Golf & Country Club's motion), 38 (Ponderosa Aero Club, Inc. moving to dismiss on Rule 9(b) and duplicative reverse false claim theory of liability), 40 (Capital City Public Market 1, Inc., moving to dismiss on Rule 9(b), duplicative reverse false claim theory of liability, and no independent conduct for second cause of action), 50 (Caldwell Elks Association, moving to dismiss on Rule 9(b) and duplicative

---

[2] As required by this Court, on May 29, 2026, undersigned counsel reached out to Tarbell's counsel with a request to meet and confer regarding the Complaint's Rule 9(b) and *Iqbal* deficiencies, but Tarbell's counsel had not responded as of the date of filing this Motion to Dismiss. Counsel for Defendants Coeur d'Alene Regional Chamber of Commerce, Idaho Falls Downtown Development Corporation, Jobs Plus, Inc. dba Coeur d'Alene Area Economic Development, and Idaho School Boards Association did meet and confer with Tarbell's counsel on this same issue on May 28, 2026, but did not come to an agreement regarding amending the complaint. Dkt. 56-1 at n.1.

reverse false claim theory of liability) and 56 (Coeur d'Alene Regional Chamber of Commerce, Idaho Falls Downtown Development Corporation, Jobs Plus, Inc. dba Coeur d'Alene Area Economic Development and Idaho School Boards Association, jointly moving to dismiss on Rule 9(b), duplicative reverse false claim theory of liability, no independent conduct for second cause of action, and public disclosure bar grounds). Accordingly, for reasons of judicial economy, the Mountain Home Chamber of Commerce joins in each of those motions to dismiss and the authority and reasons set forth therein as if fully set forth herein. The Mountain Home Chamber of Commerce sets forth facts and argument below only to the extent necessary to support dismissal specific to it.

**A. The Complaint Fails to Comply with Rule 9(b)'s Heightened Specificity Requirements.**

Tarbell's Complaint sets out only broad allegations without particularized supporting detail. Thus, it does not comply with Rule 9(b)'s heightened pleading standard. As to every single plaintiff, including Mountain Home Chamber of Commerce, the Complaint sets out in its body only the tax-exempt status of the plaintiff (Dkt. 1, ¶¶ 3-23), the address provided on the loan application (*id.*), and an entry or entries in an attached table, with no source identified for the attached table. The Complaint only addresses the Mountain Home Chamber of Commerce specifically in paragraphs 18, 44(i), and the attached table. The Complaint also includes general allegations that the nonprofits, identified as a group as defendants, not individually:

- received approval for, and forgiveness of, their PPP Loans on the dates and in the amounts shown on the table attached hereto, despite being legally ineligible for the same. (*id.*, ¶¶ 37, 39);
- did knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same. (*id.,* ¶ 40);

- did knowingly make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim, to the injury of the United States, by falsely certifying that it, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same. (*id.*, ¶ 41);

- did knowingly make, use, or cause to be made or used, a false record or statement material to, or did knowingly conceal, or did knowingly and improperly avoid or decrease, an obligation to pay or transmit money or property to the United States government by falsely certifying that, or the defendant on whose behalf he or she acted, was eligible for a PPP Loan and forgiveness thereof and thereby receiving the same. (*id.,* ¶ 42).

These broad allegations are textbook formulaic and conclusory recitations of the elements of an FCA cause of action and are not sufficient to assert a claim for which relief can be granted. *Iqbal*, 556 U.S. at 678.

The Complaint includes no particularized supporting detail for any Defendant, including the Mountain Home Chamber of Commerce. *Swoben,* 848 F.3d at 1180. It does not make any allegations that identify the person or persons who presented or caused to be presented a false or fraudulent claim, the date of any such presentment, the specific false record or statement that was made, how the false record or statement was presented or caused to be presented, or how the false record or statement was material to a decision by the United States to pay a specific claim. In other words, the Complaint fails to allege the 'who, what, when, where, and how of the alleged misconduct charged'." *Swoben*, 848 F.3d at 1180 (citation omitted). It fails to allege "what is false or misleading about a statement, and why it is false." *Id.*; *Ebeid*, 616 F.3d at 998.

For these reasons specific to the Mountain Home Chamber of Commerce and for the further reasons and authorities set forth in Dkts. 24-1, 38-1, 40-1, 50-1, and 56-1, this Court should dismiss the Complaint for failure to comply with Rule 9(b)'s heightened pleading standards.

### B. Tarbell's Reverse False Claim Theory in Its First Cause of Action Impermissibly Seeks Relief Based on the Same Conduct as the Presentment and False Statement Theories.

The FCA also prohibits the knowing use of a false record or statement material to a party's obligation to pay or transmit money to the Government. 31 U.S.C. § 3729(a)(1)(G). "Reverse" FCA liability arises from fraudulent conduct to avoid a debt to the government, rather than from fraudulent conduct to obtain payment from the government. Paragraph 42 pleads a reverse false claim theory, alleging that all nonprofit defendants, including the Mountain Home Chamber of Commerce, knowingly "conceal[ed]" or "improperly avoid[ed] or decrease[d] an obligation to pay or transmit money or property to the United States government" in connection with its PPP loans. Dkt. 1 at ¶ 42. That theory fails for the reasons and under the same authority set out in Dkts. 24-1 at 5-8, 38-1 at 7-9, 40-1 at 7-9, 50-1 at 12-15 and 56-1 at 17-18. This Court should dismiss this theory as to the Mountain Home Chamber of Commerce.

### C. The Second Cause of Action Independently Fails Because it Alleges No Conduct by Mountain Home Chamber of Commerce that is Distinct from the First Cause of Action.

Tarbell's second cause of action against the Mountain Home Chamber of Commerce pleads no conduct that is separate from the first cause of action. Paragraphs 46-48 reassert the same presentment, false-statement, and reverse false claim theories—word-for-word—as to all defendants' second-draw loans. The Second Cause of Action alleges no new facts about Chamber's conduct. Its recycled theories therefore fail for the reasons set forth above, and its fruit of the poisonous tree theory (Dkt. 1, ¶¶ 36, 45) also fails. These theories are not adequately pled, the reverse false claim theory merely sets out the same conduct and identifies no independent, established obligation, and the fruit of the poisonous tree doctrine impermissibly bypasses the FCA's per-claim element requirements. Thus, the Court should dismiss the

second cause of action as to the Mountain Home Chamber of Commerce for the reasons and authority set out in Dkts. 40-1 at 10-11 and 56-1 at 18-19.

**D. The FCA's Public Disclosure Bar Requires Dismissal.**

As set forth in the motion to dismiss filed by Defendants Coeur d'Alene Regional Chamber of Commerce, Idaho Falls Downtown Development Corporation, Jobs Plus, Inc. dba Coeur d'Alene Area Economic Development and Idaho School Boards Association (dkts. 56, 56-1), the FCA's public-disclosure bar requires dismissal if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed in, as relevant here, a federal report, hearing, audit, or investigation. 31 U.S.C. § 3730(e)(4)(A). For the reasons and based on the authorities set forth in those defendants' motion to dismiss (dkt. 56-1 at 6-13), this Court should dismiss the Complaint against all defendants, including the Mountain Home Chamber of Commerce.

For the public-disclosure bar to apply, the disclosure must have occurred through one of the channels specified in the statute and be "public." *United States ex rel. Mateski v. Raytheon Co.*, 816 F.3d 565, 574 (9th Cir. 2016). Here, all of the information set forth by Tarbell in its complaint regarding the Mountain Home Chamber of Commerce was public. First, the loan information that Tarbell mined to identify its targets is publicly available. The SBA maintains a publicly accessible database at https://data.sba.gov/dataset/ppp-foia (formerly housed on PandemicOversight.gov) that contains large Comma-Separated Values ("CSV") files with detailed data on every PPP borrower in the country, including the Mountain Home Chamber of Commerce. Its data is in the CSV file titled "public_up_to_150k-4-240930" at lines 882715 and 883369. For each PPP loan, these files include borrower names, addresses, loan amounts, loan approval dates, loan forgiveness dates, loan forgiveness amounts, lender names, and North American Industry Classification System ("NAICS") codes. The data is

freely downloadable by any member of the public without restriction and has been available online for years. For the reasons and authority set forth in Dkt 56-1 at 7-9, the Mountain Home Chamber of Commerce's PPP loan amount, loan dates, foregiveness amounts and foregiveness dates were publicly available, including to Tarbell.

Second, that the Mountain Home Chamber of Commerce is a tax-exempt 501(c)(6) organization also is public, another fact that forms the basis for Tarbell's FCA claims. The Chamber's tax-exempt status is publicly available in at least two sources: (1) the Mountain Home Chamber of Commerce's publicly available IRS Form 990 return, attached hereto as Exhibit A; and (2) the NAICS codes in the SBA PPP Database, which independently confirm the Mountain Home Chamber of Commerce's 501(c)(6) tax-exempt status. Thus, for the reasons and authority set forth in Dkt 56-1 at 9, the Mountain Home Chamber of Commerce's tax exempt status was publicly available.

Third, the date on which 501(c)(6) organizations like the Mountain Home Chamber of Commerce became eligible for PPP loans was publicly established by the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, Division N, Title III, Section 318 of the Consolidated Appropriations Act of 2021, Pub. L. No. 116-260, 134 Stat. 1182, 2013 (Dec. 27, 2020), and associated regulations.

Thus, all of the information necessary for Tarbell's claims against the nonprofit defendants, including the Chamber, was publicly disclosed. For the reasons and based on the authorities set forth in Dkt. 56-1 at 10-12, Tarbell's Complaint, including its claims against the Mountain Home Chamber of Commerce, are merely a repackaging of public information and Tarbell had no significant information of its own to contribute. Moreover, for the reasons and based on the authorities set forth in Dkt. 56-1 at 12-13, Tarbell is not an original source, and

the Complaint must be dismissed against all Defendants, including the Mountain Home Chamber of Commerce, because the public disclosure bar applies.

**E. Dismissal Must be With Prejudice.**

The Complaint's defects set forth in this motion to dismiss cannot be cured. In particular, once the public disclosure bar applies, there is no manner in which Tarbell can amend its claims against any defendant, including the Mountain Home Chamber of Commerce, to survive the bar. Dismissal must be with prejudice. *Election Integrity Project Cal., Inc.,* 113 F.4th at 1099.

## V. CONCLUSION

Tarbell's Complaint is wholly deficient. Its allegations lack the specificity required under *Iqbal* and Rule 9(b). Its reverse false claims theory fails to identify any conduct, much less conduct separate from its presentment and false statement theories, that would be a violation of the FCA. And its "fruit of the poisonous tree" theory in its second cause of action lacks a basis in law and is factually deficient. Thus, Tarbell has failed to assert claims on which relief can be granted. This Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: June 3, 2026

STOEL RIVES LLP

*/s/ Wendy J. Olson*
Wendy J. Olson

*Attorneys for Mountain Home Chamber of Commerce*